UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

Anthony Ciccone, Joseph Ciccone,
Elizabeth Ciccone, Patricia Ciccone,
(Plaintiffs)

Civil Action No. 03CV4835 (JBS)

v.

Former Attorney General Janet Reno, Former Director of the Bureau of Prisons Kathleen Hawks Sawyer, U.S. Attorney Robert Cleary, Assistant United States Attorney Stephen Taylor, Attorney Michael D'elsio, Entire Former and Current Medical Staff of the Federal Correctional Institution Camp at Fort Dix, New Jersey, Entire Former and Current Medical Staff at Federal Bureau of Prisons Federal Medical Center at Lexington, Kentucky, Current Attorney General Jonathan Ashcroft, Former and Current Warden(s) of Federal Correctional Institution Camp at Fort Dix, New Jersey, Former and Current Warden(s) at Federal Medical Center in Lexington, Kentucky and Numerous Other Unknown Individuals and Companies.
(Defendants)

Complaint/1983 Action

Anthony Ciccone, the son of the Deceased, Joseph Ciccone, hereby files this lawsuit against all of the above entities because of their deliberate indifference to the medical condition and suffering of Joseph Ciccone prior and up to his death on October 12, 2001.

Anthony Ciccone, filing this suit pro se, respectfully requests that this Honorable Court construe this and all of his forecoming pleadings liberally according to the U.S. Supreme Court's decision in Haines v. Kerner, 404 US 519, 30 L.Ed.2d 652, 92 S.Ct. 594 (1972).

The entire Ciccone Family, because of the actions of all of the above entities, are deprived of the companionship of Joseph Ciccone and the proceeds Joseph Ciccone would have earned through his Coproration named AJ's Coffee Company, Inc. Most importantly, Joseph Ciccone was deprived of the pursuit of life, liberty and the pursuit of happiness.

## STATEMENT OF FACTS

1. One August 19, 1999, the Federal Bureau of Investigation began an investigation into the illegal activities of Joseph Ciccone and his son Anthony Ciccone.

2. The F.B.I. arrested Joseph Ciccone and his son Anthony on September 14, 1999. They were charged with Loan Sharking and Extortion.

3. Defendants entered into plea negotiations with the United States Attorneys Office for the Federal District of New Jersey on February 8, 2000. On June 13, 2000, Joseph Ciccone was sentenced to 24 months and Anthony Ciccone was sentenced to 57 months in prison.

4. At the time of sentencing Joseph Ciccone was under the care of a lung specialist. He was having respiratory problems. Joseph Ciccone was also advised by his other doctors that he needed back surgery, as well as knew replacement surgery.

5. The issues were raised by Mr. D'elsio, Esq., Joseph Ciccone's attorney, at the time of sentencing. Mr. D'elsio stressed to the Court that Mr. Ciccone was only receiving 30% of his oxygen while breathing and needed to undergo an extensive battery of tests.

Since Joseph Ciccone had no previous criminal record and was a first time offender, Mr. D'elsio, Esq. asked the Honorable Judge Hayden for a sentence of home confinement.

6. Mr. Taylor, A.U.S.A., strenuously opposed this type of sentence. He stated, and the sentencing record will reflect his statement, "If Mr. Ciccone's health is an issue, I will see he is placed in a medical facility." (See June 13, 2000, Sentencing Transcript).

7. Joseph Ciccone was, however, sent to Federal Correctional Institution Fort Dix, New Jersey. He surrendered there on August 14, 2000.

8. During his time there his condition continuously deteriorated. He was moved to a cell on the first floor and given oxygen because of his condition.

9. After three trips to the local outside hospital, the medical staff at Ft. Dix diagnosed Joseph Ciccone with Advanced Cancer of the Plural Cavity of the chest. It was then determined that he had approximately 1 year left to live. This diagnosis took place on or around June, 2001. The Warden at Ft. Dix notified Josepg Ciccone he would be transferred to the Medical Center in Lexington, Kentucky. Mr. Ciccone was finally transferred in August, 2001, two months later.

10. He arrived at the FMC in Lexington, Kentucky in August and began treatment for his cancer. Unfortunately for Joseph Ciccone, he died on October 12, 2001.

11. Joseph Ciccone was not sent to a medical facility as stipulated by A.U.S.A. Taylor.

12. It took the medical staff at both F.C.I. Fort Dix and FMC Lexington, Ky. 10 months to determine that Joseph Ciccone had cancer when his medical history was on hand. There were several letters from his physicians stating there was indeed a problem.

13. It took over two months for Joseph Ciccone to be transferred to F.M.C. Lexington, Ky. after he was diagnosed with cancer.

14. Judge Hayden sentenced Joseph Ciccone to a 24 month sentence, not a death sentence. But that is exactly what he received.

15. There can be little doubt that had Joseph Ciccone been sentenced to home confinement the lung specialist treating him would have found the cancer much sooner.

16. More to the point, once A.U.S.A. Taylor stated his intention to have Joseph Ciccone sent to a Medical Facility, that is what should have happened.

17. The medical staff at Fort Dix exhibited deliberate indifference to Joseph Ciccone's medical condition, as well as everyone else involved with his confinement, diagnosis, treatment until his death.

## CONCLUSION

For all of the foregoing reasons, the United States Attorney General, the United States Attorney's Office for the Federal District of New Jersey, Assistant United States Attorney Stephen Taylor, the Federal Bureau of Prisons, the Warden of Federeal Correctional Institution Fort Dix, New Jersey, the entire Medical Staff at F.C.I. Fort Dix, New Jersey and the entire medical staff and warden of Federal Medical Center at Lexington, Kentucky showed deliberate indifference to the serious medical conditions and maladies of Joseph Ciccone and are all responsible for his premature death.

This suit seeks Declaratory, Punative and Injunctive relief in the amount of $10,000,000.00 from each of the defendants for their actions leading to the death of Joseph Ciccone.

Respectfully submitted,

Anthony J. Ciccone

Anthony Joseph Ciccone Pro Se
Reg.No. 22664-050
U.S. Penitentiary
P.O. Box 1000
Lewisburg, PA 17837